JUDGE CAPRONI

KIM E. RICHMAN
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiff*

14 CV 5528



RECEIVED
JUL 22 2014
U.S.D.C. S.D.N.Y.
CASHIERS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA JIMENEZ<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEW YORK, DETECTIVE JEREMY VEIT (Shield #02516), and OFFICERS "JOHN AND JANE DOE" #1 through #15, individually and in their official capacities, (the names "John and Jane Doe" being fictitious, as the true names of these individuals are presently unknown),<br><br>Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Melissa Jimenez ("Plaintiff"), by her attorney, Kim E. Richman, complaining of the Defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

Plaintiff brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants CITY OF NEW YORK, DETECTIVE JEREMY VEIT (Shield #02516), and OFFICERS "JOHN AND JANE DOE" #1 through #15, individually

1

and in their official capacities, (the names "John and Jane Doe" being fictitious, as the true names of these individuals are presently unknown), as Officers of the New York City Police Department and other agencies of the City of New York, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the United States and of the State of New York.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiff's claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiff's federal claims herein.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of her claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff MELISSA JIMENEZ is and was at all relevant times a resident of Bronx County, located in the Southern District of New York.

7. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant CITY operates, manages, directs and controls the New York City Police Department ("NYPD") and other municipal agencies and departments which are responsible for carrying out law enforcement activities under color of state law.

8. Defendants DETECTIVE JEREMY VEIT (Shield #02516) and OFFICERS "JOHN AND JANE DOE" #1 through #15 are and were at all relevant times police or correction officers, supervisors, and/or policymakers employed by Defendant CITY with the NYPD and/or other CITY agencies and acting under color of state law.

9. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its agencies and departments, including the NYPD, and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

10. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD and/or other agencies which employed the Defendants herein.

## FACTS

11. This action stems from an unlawful arrest and malicious prosecution of Plaintiff Melissa Jimenez, which were undertaken in the absence of reasonable suspicion or probable cause.

12. On April 10, 2013 at approximately 1:55 p.m., Plaintiff was lawfully present at or near the corner of Hughes Avenue and East 178th Street.

13. During this time, Plaintiff was walking from a laundry mat to a local convenience store

when Defendant P.O. Jane Doe #1 grabbed Plaintiff and shoved her against a wall in full public view.

14. At the time of this incident, Plaintiff was pregnant. Plaintiff informed Defendant P.O. Jane Doe #1 that she was pregnant, and pleaded that she be less aggressive with her so as to not injure her child. Plaintiff's pleas were ignored.

15. Defendant P.O. Jane Doe #1's unjustified aggression caused Plaintiff significant emotional and physical distress.

16. Next, without probable cause or reasonable suspicion, Defendant P.O. Jane Doe #1 arrested Plaintiff.

17. Plaintiff repeatedly asked Defendant P.O. Jane Doe #1 the reason for her arrest. However, Defendant P.O. Jane Doe #1 ignored Plaintiff, refused to tell her the reason for her arrest, and effectively detained and arrested Plaintiff without any cognizable reason to do so.

18. Without any reason to believe that Plaintiff was armed with any weapon, posed any danger to the officers, or had any contraband whatsoever, Defendant P.O. Jane Doe #1 demanded that Plaintiff take off her shirt and bra while standing in full public view. Plaintiff complied with Defendant P.O. Jane Doe #1's order.

19. Next, Defendant P.O. Jane Doe #1 told Plaintiff to unzip her pants. Plaintiff complied, and Defendant P.O. Jane Doe #1 stuck her hand down Plaintiff's pants, making Plaintiff feel uncomfortable and violated.

20. Despite finding no contraband or having any probable cause or reasonable suspicion, Defendant P.O. Jane Doe #1 placed Plaintiff into an unmarked van and drove around for several hours.

21. At this point, Plaintiff still did not know the reason for her arrest.

22. During the several hours she was in the unmarked van, Plaintiff requested that Defendant officers allow her to use a restroom. Defendant Officers ignored Plaintiff's request.

23. Upon arrival at the NYPD 48th Precinct, Plaintiff was finally informed that she was arrested on the charges of being involved in a drug transaction.

24. At the 48th Precinct, Plaintiff was processed and placed in a cell.

25. While Plaintiff was at the Precinct, Defendant John Doe #1 ridiculed Plaintiff, stating, in sum, "She is going to be a crack addict" and "Her daughter will end up going to jail."

26. Plaintiff was then sent to Bronx Central Booking where she waited for approximately twenty-four (24) hours for arraignment.

27. Defendant Detective Jeremy Veit issued legal process against Plaintiff in the form of a Criminal Complaint, despite lacking probable cause to believe that criminal charges against Plaintiff could succeed.

28. Eventually, Plaintiff was arraigned under Docket number 2012BX021142 and was charged with several drug related offenses.[1] These charge were based on false allegations made by Defendant officers.

29. Plaintiff, who spent approximately forty-eight (48) hours in detainment was released after arraignment on or about April 12, 2013.

30. Plaintiff was required to defend baseless charges against her, appearing numerous times in Criminal Court for approximately seven months, until October 29, 2013 when all charges were finally dismissed in favor of Plaintiff.

---

[1] Plaintiff was charged with the following: NYPL 220.39 Criminal sale of a controlled substance in the third degree; and NYPL 220.03 Criminal possession of a controlled substance in the seventh degree.

5

31. As a result of the aforementioned violations of her civil rights, Plaintiff was subjected to the humiliation and emotional distress of being stopped and frisked, arrested, searched and led away in full public view in front of her peers, confinement for approximately forty-eight (48) hours, and the stigma of being prosecuted for several misdemeanors, all of which resulted in damage to her esteem and reputation within the community.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

32. Plaintiff Melissa Jimenez repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

34. All of the aforementioned acts by Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

35. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, with the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, violated Plaintiff's civil rights; these violations were driven and motivated by, reflective of and

carried out pursuant to a custom, usage, practice, procedure or rule of Defendant CITY, which is forbidden by the Constitution of the United States.

38. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983

39. Plaintiff Melissa Jimenez repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

40. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false arrest by Defendants, taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated for approximately forty-eight (48) hours, and then prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

41. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff's to an award of punitive damages.

42. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was at all times aware of her confinement. Plaintiff was put in fear for her safety and subjected to handcuffing and other physical restraints, without probable cause.

43. As a result of her false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before her neighbors and peers. Plaintiff was further discredited in the minds of many members of the community.

## THIRD CLAIM FOR RELIEF:
## ILLEGAL STOP AND FRISK UNDER 42 U.S.C. § 1983

44. Plaintiff Melissa Jimenez repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

45. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal and improper stop and frisk by Defendants without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover this stop, frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

46. As a direct and proximate result of such acts, Defendants deprived Plaintiff of her Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

47. As a direct and proximate result of those constitutional abuses, Plaintiff has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

48. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## FOURTH CLAIM OF RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

49. Plaintiff Melissa Jimenez repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

50. The degree of force Defendants used against Plaintiff as described herein was excessive, unreasonable, unwarranted, and without justification.

51. Defendants' actions described herein were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable, and unprovoked.

52. All of the aforementioned acts of Defendants constituted excessive force in violation of the Constitution of the United States actionable under 42 U.S.C. § 1983, and in violation of the laws of the State of New York, for which Defendants are individually liable.

### FIFTH CLAIM FOR RELIEF:
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

53. Plaintiff Melissa Jimenez repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

54. Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear her of liberty and the lawful use of property.

55. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

56. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the stop and frisk and arrest numbers of the NYPD, among other collateral objectives. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

57. As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of her constitutional rights, including deprivation of liberty following her arrest.

### SIXTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

58. Plaintiff Melissa Jimenez repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

59. Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against her could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

60. The criminal charges against Plaintiff were terminated in her favor.

61. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

62. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

63. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before her peers. Further, as a result of Defendants' unlawful acts, Plaintiff was further discredited in the minds of many members of the community.

### SEVENTH CLAIM FOR RELIEF:
### EQUAL PROTECTION

64. Plaintiff Melissa Jimenez repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

65. Defendants unlawfully singled out Plaintiff and violated her Fourth, Fifth, Sixth, and Fourteenth Amendments, in part because of her race.

66. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

67. As a result of Defendants' unlawful acts, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before her family and peers, confinement, pain and

suffering, embarrassment, and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was further discredited in the minds of many members of the community.

## EIGHTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

68. Plaintiff Melissa Jimenez repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

69. Defendants searched, seized and prosecuted Plaintiff despite a complete lack of cause against her, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

70. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

71. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

73. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

74. Defendant CITY, as municipal policymaker in the training and supervision of Defendants DETECITVE JEREMY VEIT (Shield #2516) and OFFICERS "JOHN AND JANE DOE" #1 through #15, individually and in their official capacities, has pursued a policy and custom

11

of deliberate indifference to the rights of persons in their domain who suffer violations of their rights found within the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

75. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

76. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

77. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

78. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;
   b. To be free from search, seizure, arrest, prosecution and imprisonment not based upon reasonable suspicion or probable cause;
   c. To be free from malicious prosecution;
   d. To be free from infliction of emotional distress; and
   e. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and pray for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.


DATED:  New York, New York
        July 22, 2014

                                            Respectfully submitted,

                                            **REESE RICHMAN LLP**

                                            _____
                                            Kim E. Richman
                                            875 Avenue of the Americas, 18th Floor
                                            New York, New York 10001
                                            Telephone: (212) 643-0500
                                            *Attorney for Plaintiff*